**NOT FOR PUBLICATION**                                                                 **CLOSE**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

OLIVIA MELENDEZ and JOSEPH VELEZ,

                  Plaintiffs,

    v.

JC PENNEY, SNOW SERVICES, LLC,
FERRANDINO & SONS, INC., and
WOODBRIDGE CENTER PROPERTY, LLC,

                  Defendants.

**OPINION**

Civ. No. 2:15-cv-02566 (WHW) (CLW)

**Walls, Senior District Judge**

Plaintiffs move to remand this action to state court, arguing that the parties are no longer diverse because of the addition of two new defendants. Decided without oral argument under Federal Rule of Civil Procedure 78, Plaintiffs' motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Olivia Melendez and Joseph Velez, two New Jersey citizens, began this action in New Jersey state court, complaining that Melendez was injured at a J.C. Penney store in Woodbridge, New Jersey after slipping on ice and snow. Compl. ECF No. 1-1 ¶¶ 1-4; Not. of Removal, ECF No. 1 ¶ 5, Cert. of Gary Price, ECF No. 9 ¶ 2. J.C. Penney removed the action on April 10, 2015, alleging complete diversity and an amount in controversy greater than $75,000. Not. of Removal ¶¶ 9-21.

The original Defendants were J.C. Penney and General Growth Properties. Compl. ¶¶ 3-4. In its Answer, General Growth Properties stated that the location in question "is owned by non-party Woodbridge Center Property, LLC." ECF No. 5 ¶ 4. The parties stipulated and agreed to replace General Growth Properties with Woodbridge Center Property on November 10, 2015. ECF No. 12. Plaintiffs also moved to add two new Defendants: Snow Services, LLC and

1

Ferrandino & Sons, Inc., both contractors who were employed to remove snow and ice from the property in question. ECF No. 9; Price Cert. ¶¶ 6-8. Plaintiffs certified that both entities are necessary parties, they became aware of their existence only after receiving answers to their interrogatories, and they had Defendants' consent. Mot. to Amend, ECF No. 9 ¶¶ 5-9. The motion was granted by Magistrate Judge Waldor on November 9, 2015. ECF No. 10. The following day, Plaintiffs filed an amended complaint. Am. Compl. ECF No. 13.

On November 10, 2015, Plaintiffs moved to remand this action, arguing that "the newly allowed joinder of the parties destroys complete diversity in this matter." Price Cert. ¶¶ 11-13. Plaintiffs submitted the results of a search for "Woodbridge Center Property" in New Jersey's Business Entity Information and Records Service and a contract between Defendants Woodbridge and Snow Services that listed a New Jersey address for the company. *Id.* Ex. 3, Ex. 4.

Defendants J.C. Penney and Woodbridge Center Property filed letter briefs opposing remand on December 15 and 16, respectively. ECF No. 19-20. These Defendants noted that Plaintiffs had failed to specifically allege the new parties' principal places of business. *Id.* They further request to be allowed to take the deposition of Plaintiff Melendez, which they contend would resolve any jurisdictional questions. *Id.* Defendant Snow Services informed the Court that it would not be submitting opposition papers in response to this motion. *See* ECF No. 21 at 3. Plaintiffs filed a reply brief on December 21, 2015, specifically alleging that Snow Services has its principal place of business and is incorporated in New Jersey. *Id.* at 1. Attached to the reply brief is a copy of a certificate of formation for Snow Services that was filed with the Secretary of State of New Jersey and states that the company's registered office is in Edison, New Jersey. ECF No. 21-1.

Counsel for Plaintiffs are reminded that it "is usually improper for a moving party to shift gears and introduce new legal arguments in the reply brief," *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 543 (D.N.J. 2013), as they have done by alleging Defendant's principal place of business for the first time on reply. Counsel for Defendants are reminded that, under Local Rule 7.1, opposition papers are to be filed at least 14 days prior to the noticed motion day, and this Court has discretion to reject any brief or other paper not filed within this time period. In the interest of having a full record, the Court will consider both Defendants' arguments against remand and Plaintiffs allegations in their reply for the purposes of this motion.

## STANDARD OF REVIEW

This Court has original jurisdiction over matters in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *Id.* 28 U.S.C. § 1447 provides that, when "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing party has the burden of establishing that jurisdiction exists, and removal statutes "are to be strictly construed against removal [with] all doubts . . . resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991) (internal citation omitted).

## DISCUSSION

Plaintiffs contend that the joinder of the new parties "destroys complete diversity in this matter and requires the remand of this matter back to State court." Price Cert. ¶ 13. Specifically, they allege that Snow Services is incorporated and has its principal place of business in New Jersey. ECF No. 21. In support, they have submitted a certificate of formation filed by Snow

Services with the Secretary of State of New Jersey that shows its incorporation under New Jersey law and office of registration at an address in Edison, New Jersey. ECF No. 21-1

Defendants J.C. Penney and Woodbridge oppose remand and propose that the Court "permit a deposition of plaintiff Melendez on the sole issue of the location of her fall." ECF No. 19 at 3; ECF No. 20 at 1. They argue that Woodbridge and Snow Services were responsible for the parking lot, while J.C. Penney and "its snow removal vendor" were responsible for the sidewalk. *Id.* J.C. Penney submits that if Melendez:

> fell on the sidewalk, Woodbridge and Snow Services, LLC could be dismissed and there would be no issue of diversity. If plaintiff fell in the parking lot, J.C. Penney and its snow removal vendor could be dismissed. (In the alternative, if plaintiff refuses to dismiss parties, dispositive motions could be filed.) If Snow Services, LLC is an LLC formed in the state of New Jersey with its primary office in New Jersey, then diversity would be destroyed. Based on which parties are left in the litigation and the citizenship of those parties, there could be an agreement to remand by submission of a consent order.

*Id.*

The "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists . . . ." *Boyer*, 914 F.2d at 111. Defendants have not put forward any facts or argument to suggest that Snow Services is diverse from Plaintiffs and have failed to meet that burden. Their argument that the Court should authorize discovery as to the merits of this case because it might dismiss non-diverse parties at a later stage is unsuccessful because "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction . . . ." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'") (internal citation omitted). Because Plaintiffs have adequately alleged that Defendant Snow Services is a New Jersey citizen and Defendants have not met their burden

of establishing complete diversity, Plaintiffs' motion to remand is granted. An appropriate order follows.

Date: 4 January 2016

Hon. William H. Walls
United States Senior District Judge